[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13037
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00223-WSD-CMS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BLAS ALEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 25, 2018)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Raising several arguments, Blas Aleman, Jr. appeals his conviction for conspiring to possess at least 5 kilograms of cocaine and at least 500 grams of methamphetamine. First, Aleman argues that the district court erred in denying his motion to dismiss the indictment because the government's eight-year delay in prosecution violated his Sixth Amendment right to a speedy trial and hindered his ability to defend against the charged conduct. Second, Aleman argues that the district court abused its discretion by not allowing him to schedule a second foreign deposition of his alleged treating physician, whose testimony would have presumably established an alibi. Third, Aleman asserts that the district court abused its discretion in admitting evidence of his 2005 arrest, warrant, and subsequent flight from Florida as irrelevant and as improper character evidence. Fourth, Aleman argues that the district court committed plain error by permitting prosecutorial misconduct in allowing the government to offer testimony of Ramon Salazar, which contradicted his earlier statements. And finally, Aleman argues that the district court erred in denying his post-verdict motion for a judgment of acquittal because his conviction was based on insufficient evidence. After a careful review of the record and the parties' briefs and arguments, we affirm and briefly address each argument in turn.

I.

The Sixth Amendment guarantees criminal defendants the right to a speedy and public trial. U.S. Const. amend. VI. "Whether the government deprived a defendant of his constitutional right to a speedy trial presents a mixed question of law and fact." *United States v. Villarreal*, 613 F.3d 1344, 1349 (11th Cir. 2010). "We review the district court's legal conclusions de novo and . . . its factual findings for clear error." *Id.* "[W]e allot substantial deference to the factfinder . . . in reaching credibility determinations [regarding] witness testimony." *Id.* (internal quotation marks omitted).

In reviewing a motion to dismiss under the Sixth Amendment, we employ a four-part test, weighing: "(1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the actual prejudice borne by the defendant." *Id.* at 1350 (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972)). If the first three factors do not uniformly weigh heavily against the government, the defendant must demonstrate actual prejudice "in one of three ways: (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) possibility that the accused's defense will be impaired." *United States* v. *Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003) (internal quotation marks omitted).

3

The district court did not err in denying Aleman's motion to dismiss the indictment. While the delay was substantial, Aleman's own evasive conduct following his 2005 arrest—fleeing to Mexico—caused it and was the reason he failed to invoke his right to a speedy trial sooner. *See Villarreal*, 613 F.3d at 1352–54. And because the first three factors do not weigh heavily against the government, and instead weigh heavily against him, Aleman must show actual prejudice—a feat he cannot accomplish. *See Dunn*, 345 F.3d at 1296. Thus, Aleman's Sixth Amendment right to a speedy trial was not violated.

## II.

"A party may move that a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). In moving to admit deposition testimony as evidence at trial under Rule 15, the movant must submit evidence that exceptional circumstances—such as the witness's unavailability and materiality—justify using a deposition at trial. *United States v. Kahn*, 794 F.3d 1288, 1306 (11th Cir. 2015); Fed. R. Crim. P. 15(a)(1). We consider foreign depositions to be suspect and they are generally disfavored as evidence in criminal cases because of the lack of a penalty for perjury and the absence of the opportunity for cross-examination. *United States v. Alvarez*, 837 F.2d 1024, 1029 (11th Cir. 1988). We review a district court's denial of a pre-trial motion to

conduct discovery for abuse of discretion. *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993).

The district court did not abuse its discretion in denying Aleman's motion to conduct a *second* foreign deposition because he failed to show that exceptional circumstances warranted it. *See Kahn*, 794 F.3d at 1306. Aleman sought to depose Dr. Carbajal—who failed to appear at the first deposition and could not confirm his ability or willingness to appear going forward—again, this time in Guerrero, Mexico. *Id.* Not only would the deposition have been cumulative, and thus immaterial, as Dr. Carbajal's testimony would have only established yet another alleged alibi, but it also would have been prohibitively dangerous to the parties due to violence in the Guerrero area. *See United States v. Ramos*, 45 F.3d 1519, 1522–23 (11th Cir. 1995) (laying out factors to guide in deciding whether exceptional circumstances exist).

### III.

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "is of consequence in determining the action." Fed. R. Evid. 401. But relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence. Fed. R. Evid. 403. Generally, evidence of other crimes, wrongs, or acts is not admissible to prove a

5

person's character in order to show action in conformity therewith, but it may be admissible for other purposes, such as proving intent, absence of mistake, or lack of accident.  Fed. R. Evid. 404(b)(1), (2).  Further, evidence of such criminal conduct "falls outside the scope of Rule 404(b) and thus is independently admissible if it is[:] (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offenses, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offenses."  *United States* v. *Ford*, 784 F.3d 1386, 1393 (11th Cir. 2015) (internal quotation marks omitted) (alterations adopted).

We review a district court's admission of evidence for abuse of discretion. *United States v. Phaknikone*, 605 F.3d 1099, 1107 (11th Cir. 2010).  We will only reverse an erroneous evidentiary ruling if the resulting error was not harmless. *United States v. Langford*, 647 F.3d 1309, 1323 (11th Cir. 2011).  "It is the province of the trial judge to weigh any materiality against any prejudice and, unless the judge's reading is 'off the scale,' his discretion is not abused."  *United States v. Shelley*, 405 F.3d 1195, 1201 (11th Cir. 2005).  Finally, limiting instructions may mitigate any prejudicial effect caused by introducing prior act evidence.  *See United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003).

The district court did not abuse its discretion in allowing evidence of Aleman's 2005 arrest because it was relevant and not substantially more

6

prejudicial than probative because the evidence was intrinsic to the charged conduct and the actual underlying conduct supporting his 2005 arrest was omitted at trial. *See* Fed. R. Evid. 401, 403. And, the evidence was not used to show propensity, but was instead used to explain his secretive and evasive conduct in Atlanta following his Florida arrest. Fed. R. Evid. 404(b)(1), (2); *see also Ford*, 784 F.3d at 1393. Moreover, the district court gave a limiting instruction that diminished the prejudicial nature of this evidence. *See Jernigan*, 341 F.3d at 1282.

IV.

"To establish prosecutorial misconduct for the use of false testimony, a defendant must show the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material." *United States v. McNair*, 605 F.3d 1152, 1208 (11th Cir. 2010). "[A] prior statement that is merely inconsistent with a government witness's testimony is insufficient to establish prosecutorial misconduct." *Id.*

We typically review a claim of prosecutorial misconduct de novo. *United States v. Duran*, 596 F.3d 1283, 1299 (11th Cir. 2010). But when such a claim is raised for the first time on appeal, we review only for plain error. *United States v. Rivera*, 780 F.3d 1084, 1090 (11th Cir. 2015). Under the plain error standard, we look for: (1) an error, (2) that is plain, and (3) affects the defendant's substantial rights. *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006). An error is

plain when it is contrary to the explicit language of a statute or rule, our on-point precedent, or the Supreme Court's. *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005) (per curiam); *see United States v. Lett*, 483 F.3d 782, 790 (11th Cir. 2007) (holding that no plain error occurs where no controlling precedent supports the proposition that there was error).

The district court did not commit plain error by allowing the government to introduce witness testimony at trial that merely conflicted with the witness's pre-trial identification of Aleman. *McNair*, 605 F.3d at 1208.  Because no evidence of coercion was shown and no authority suggests that conflicting witness identifications before and at trial, without more, constitute misconduct on behalf of the government there was no plain error. *See id.*; *Lett*, 483 F.3d at 790.

## V.

Lastly, we review a sufficiency-of-the-evidence challenge de novo, reviewing all of the evidence in the light most favorable to the jury's verdict, and drawing all inferences in its favor. *United States v. Brown*, 665 F.3d 1239, 1248 (11th Cir. 2011) (per curiam).  "A conviction must be upheld unless a rational fact-finder could not have found the defendant guilty under any reasonable construction of the evidence." *Id.*  It is not required that the evidence exclude every reasonable hypothesis of innocence in order for a reasonable jury to find guilt beyond a reasonable doubt. *United States v. Cruz-Valdez*, 773 F.2d 1541,

8

1545 (11th Cir. 1985) (en banc).  Thus, the jury is free to choose among alternative, reasonable interpretations of the evidence.  *Id.*

Additionally, credibility questions are within the province of the jury. *United States v. Garcia*, 405 F.3d 1260, 1270 (11th Cir. 2005) (per curiam).  This holds true where the defendant testifies in his own defense.  The jury is free to disbelieve the defendant and use his testimony as substantive evidence of his guilt. *See United States v. Williamson*, 339 F.3d 1295, 1301 n.14  (11th Cir. 2003).

To sustain a conviction for conspiracy to distribute drugs in violation of 21 U.S.C. § 846, the government must prove that: (1) an agreement existed between two or more people to distribute the drugs; (2) the defendant at issue knew of the conspiratorial goal; and (3) he knowingly joined or participated in the illegal venture.  *United States v. Reeves*, 742 F.3d 487, 497 (11th Cir. 2014).  In assessing whether the record is sufficient to demonstrate the existence of a single conspiracy, we consider whether a common goal existed, the nature of the underlying scheme, and the overlap of participants.  *Id.*  We have stated that it is axiomatic that participation in a criminal conspiracy need not be proved by direct evidence; but rather, "a common purpose or plan may be inferred from a development and collocation of circumstances."  *Id.*

The district court did not err in denying Aleman's post-verdict motion for a judgment of acquittal because there was substantial evidence from which a

reasonable jury could have concluded that Aleman was complicit in the conspiracy to transport drugs from Mexico to the U.S. *See Brown*, 665 F.3d at 1248. There was ample testimony from witnesses stating that they met and spoke with Aleman regarding transporting drugs. And there was also evidence of Aleman's presence in the United States during the conspiracy. The jury found this testimony to be credible and we are bound by that decision. *See United States v. Broughton*, 689 F.3d 1260, 1277 (11th Cir. 2012) (stating that "[w]e are bound by the jury's credibility choices, and by its rejection of the inferences raised by the defendant." (internal quotation marks omitted)).

**AFFIRMED.**